UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

DAVID A. BUCKHAM,

Plaintiff,

V.

DR. DOWNS, et al.,

Defendants.

Civil No. 5: 20-223-WOB

**MEMORANDUM OPINION AND ORDER**

*** *** *** ***

David Buckham is a pretrial detainee at the Fayette County Detention Center in Lexington, Kentucky. Proceeding without an attorney, Buckham has filed a complaint with the Court regarding the medical care he was given for a hand injury he sustained while in custody. Buckham has also filed an amended complaint, a Certificate of Inmate Account, and two letters suggesting he desires to proceed *in forma pauperis*.[1] For the reasons below, the Court will **GRANT** Buckham's request to proceed as a pauper but will nevertheless **DISMISS** his case.

To begin, the Court has reviewed the financial information provided by Buckham [*see* R. 8] and will allow Buckham to proceed as a pauper on the terms established by 28 U.S.C. § 1915(b). Because Buckham has been granted pauper status in this proceeding, the $50.00 administrative fee

[1] Buckham initially filed his complaint without paying the required filing fee or moving to proceed *in forma pauperis*. Accordingly, the Court issued a deficiency order and sent Buckham the relevant forms and instructions. [*See* R. 4.] In response, Buckham filed the Certificate of Inmate Account form. [R. 8.] However, Buckham suggests that Fayette County Detention Center officials lost the form motion to proceed *in forma pauperis* and that he is thus unable to file that document with the Court. [*See* R. 5; R. 7.] Because the Court has successfully received a certified statement of Buckham's inmate account balance, the Court will generously construe Buckham's letters at Docket Entries 5 and 7 as motions to proceed as a pauper in this case.

will be waived.  *See* District Court Miscellaneous Fee Schedule, § 14.  Accordingly, the next step in the case is for the Court to review Buckham's claims pursuant to the Prison Litigation Reform Act.

Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall dismiss any portion of Buckham's complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).  Because Buckham is proceeding without an attorney, the Court evaluates his complaint under a more lenient standard.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).  And at this stage of the proceedings, the Court accepts Buckham's factual allegations as true and liberally construes Buckham's legal claims in his favor.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Despite the leniency afforded *pro se* litigants, Buckham's claims in this case will be dismissed upon screening.  In both his initial complaint and amended complaint, Buckham fails to actually plead a claim of constitutional dimension.  Instead, Buckham articulates claims of negligence or, at most, medical malpractice, which are not viable claims in the 42 U.S.C. § 1983 context.

In both pleadings, Buckham indicates that he suffered a broken bone in his hand as a result of a fight in January 2020.  Rather than being immediately taken to the hospital for treatment, he was told by Dr. Downs that his injury was not an emergency because it was not an open fracture. [R. 1 at 5; R. 6 at 1.]  Dr. Downs provided Buckham with an X-ray and a splint, and he made Buckham a follow-up appointment with a hand specialist.  [R. 1 at 5.]  Later, when Buckham went to the follow-up appointment, the specialist informed Buckham that his injury had healed incorrectly and that he would require surgery to improve his condition.  [R. 6 at 1-2.] Notably, in the original complaint, Buckham articulates his claim as a "personal injury claim," and he

references "medical neglect" and describes why his injury constitutes a serious one under state law. [R. 1 at 3.] And again in the amended complaint, Buckham describes his situation as one of "medical neglect," "physical neglect," and "neglect to help a personal injury." [R. 6 at 2.] Neither pleading refers to the Eighth Amendment or deliberate indifference to Buckham's medical needs.

In order to state a cognizable Eighth Amendment claim for inadequate medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to the plaintiff's serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Such a claim involves a two-part inquiry: "both an objective component (was the deprivation sufficiently serious?) and a subjective component (did the officials act with a sufficiently culpable state of mind?)" must be proven before relief may be granted. *Caldwell v. Moore*, 968 F.2d 595, 602 (6th Cir. 1992) (citing *Wilson v. Seiter*, 501 U.S. 294 (1991)). Notably, allegations of medical malpractice or negligent diagnosis and treatment are not cognizable in the constitutional context. *See, e.g., Alexander v. Federal Bureau of Prisons*, 227 F. Supp. 2d 657, 665 (E.D. Ky. 2002). "Moreover, when a plaintiff claims deliberate indifference to his serious medical needs but the case involves a difference of opinion between the plaintiff and a doctor regarding the plaintiff's diagnosis and treatment, no claim is stated." *Id.* (citing *Estelle*, 429 U.S. at 107).

In this case, Buckham has pled no subjective culpability on the part of the defendant. Rather than contending Dr. Downs intentionally disregarded a risk to his health or safety, Buckham repeatedly suggests that Downs believed only open fractures, where the bone is sticking out of a patient's skin, constituted an emergency requiring immediate care outside of the detention center. Guided by this belief, Downs provided Buckham with an X-ray, a splint, and a follow-up appointment with a hand specialist down the road. [R. 1 at 5; R. 6 at 1.] But even if Downs misdiagnosed the severity of Buckham's injury, the Sixth Circuit has made abundantly clear that

"[o]rdinary medical malpractice does not satisfy the subjective component." *Grose v. Corr. Medical Servs., Inc.*, 400 F. App'x 986, 988 (6th Cir. 2010). And Buckham's allegations fall within the scope of ordinary medical malpractice:

> [A] plaintiff alleging deliberate indifference must show more than negligence or the misdiagnosis of an ailment. When a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation.

*Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (internal citations omitted).

Because Buckham's filings do not allege the necessary elements of an Eighth Amendment claim, the matter is appropriately dismissed at the screening stage. Even if the Court broadly construed Buckham's complaint, it cannot find that Buckham has adequately pleaded a viable federal constitutional claim under 42 U.S.C. § 1983. The Prison Litigation Reform Act thus calls for dismissal of any § 1983 claims. To the extent Buckham wished to plead state law claims regarding his injury in addition to or instead of a § 1983 claim, the Court declines supplemental jurisdiction over those claims at this time. The Court has no independent basis for jurisdiction over the state claims, *see* 28 U.S.C. § 1367(c)(3), and the balance of judicial economy, fairness, and comity all point toward declining supplemental jurisdiction. *See Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed.") (citations omitted). Accordingly, Buckham is still free to pursue those claims if he chooses, but he should do so in the appropriate state forum instead of this federal proceeding.

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. The Court **CONSTRUES** Buckham's letters at Docket Entries 5 and 7 as motions for leave to proceed *in forma pauperis* [R. 5 and R. 7], and those requests are **GRANTED**. 28 U.S.C. § 1915(b)(1) requires an inmate to pay the $350.00 filing fee for a civil action as set forth below;

2. Because of the lack of available assets in Buckham's account, payment of an initial partial filing fee is **DEFERRED**;

3. The Clerk of the Court shall open an account in Buckham's name for receipt of future payments. The Clerk shall complete a Notice of Payment Form (Form EDKY 525) containing: (1) Buckham's name, (2) his inmate registration number, and (3) this case number. The Clerk shall serve a copy of this Order and the Notice of Payment Form upon the warden of the institution in which Buckham is currently confined;

4. Each month Buckham's custodian shall send the Clerk of the Court a payment in an amount equal to twenty percent (20%) of Buckham's income for the preceding month out of his inmate trust fund account, but only if the amount in the account exceeds $10.00. The custodian shall continue such monthly payments until the entire $350.00 filing fee is paid. 28 U.S.C. § 1915(b)(2);

5. For the reasons stated in this Opinion, Buckham's 42 U.S.C. § 1983 claim(s) are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2);

6. Any state law negligence or medical malpractice claims are **DISMISSED WITHOUT PREJUDICE,** to Butler's right to litigate those claims in a court of appropriate jurisdiction;

7. Judgment will be entered contemporaneously herewith; and

8. This case is **CLOSED** and **STRICKEN** from the Court's active docket.

This the 6th day of July, 2020.

**Signed By:**

***William O. Bertelsman*** WOB

**United States District Judge**